IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Moses Reaves, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:11-cv-1630-TLW-TER |
| | ) | |
| Eastman Chemical Company; John Doe; and Jane Doe, | ) ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**ORDER**

This personal injury action was filed by the Plaintiff, Moses Reaves ("plaintiff"), pro se, on July 6, 2011. (Doc. #1). On September 20, 2012, the Defendants, Eastman Chemical Company, John Doe, and Jane Doe (collectively "defendants"), filed a Suggestion of Death stating that the plaintiff is now deceased. (Doc. #52).

Defendants filed and served a Suggestion of Death (Doc. #52) on September 20, 2012. To date, no motion for substitution has been made in this action. Moreover, defendants attached to the Suggestion of Death correspondence from plaintiff's New York counsel which states that the plaintiff's representative has decided against pursuing this matter any further. (Doc. #52-1).

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Therefore, as more than ninety (90) days have elapsed since the defendants' filing of the Suggestion of Death without motion for substitution, this action must be dismissed pursuant to Fed. R. Civ. P. 25(a)(1).

Accordingly, **IT IS HEREBY ORDERED** that the above-captioned action be and is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

May 17, 2013
Columbia, South Carolina